Jack P. Lipton, Ph.D., Esq. (SBN 143567)
E-mail: jlipton@bwslaw.com
Albert Tong, Esq. (SBN 208439)
E-mail: atong@bwslaw.com
Kate S. Im, Esq. (SBN 321022)
E-mail: ksim@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, California 90071-2953
Tel: 213.236.0600  Fax: 213.236.2700

Attorneys for Plaintiff
ANIMAL BEHAVIOR COLLEGE, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ANIMAL BEHAVIOR COLLEGE, INC.<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF DEFENSE; LLOYD J. AUSTIN III, in his official capacity as Secretary of the U.S. Department of Defense; PATRICIA MONTES BARRON, in her official capacity as Deputy Assistant Secretary of Defense for Military Community and Family Policy for the U.S. Department of Defense; and ERIKA R. SLATON, in her official capacity as Director of Military Community Support Programs for the U.S. Department of Defense,<br><br>Defendants. | Case No. 2:24-cv-01962<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

/ / /

/ / /

/ / /

/ / /

Plaintiff ANIMAL BEHAVIOR COLLEGE, INC. ("Plaintiff," "ABC," or the "College"), by and through its attorneys, alleges as follows:

## I. INTRODUCTION

1.  The College is a private vocational school that offers career training in professions related to animal care and animal services.  One of the largest such vocational schools in the United States, the College has successfully trained over 35,000 graduates, many of whom are approved or certified such as by the Certification Council for Professional Dog Trainers, the International Association of Animal Behavior Consultants, the International Association of Canine Professionals, the National Association of Dog Obedience Instructors, the National Association of Veterinary Technicians in America, and the National Dog Groomers Association of America, as well as by the College itself.

2.  For many of the almost one million spouses of active duty service members, the special conditions of military life make it difficult for them to start or maintain a career.  Indeed, military spouses often move frequently to keep families together, or bear a larger share of family responsibilities, leaving little time for education or job training.1  A 2021 survey conducted by Defendant U.S. DEPARTMENT OF DEFENSE ("DoD") confirmed this reality.  The DoD found that military spouse unemployment was 21 percent in 2021 – more than five times the national rate.2  Spouses who were unemployed experienced a higher percentage of food insecurity.3  Less than half of active duty spouses are satisfied with the military way of life.4

---

[1] *See* https://www.gao.gov/assets/gao-19-320r.pdf.

[2] *See* https://www.defense.gov/News/Releases/Release/Article/3295629/dod-survey-delivers-data-on-well-being-of-military-spouses/.

[3] *Id.*

[4] *Id.*

3. In response to the survey, Defendant PATRICIA MONTES BARRON, the DoD's Deputy Assistant Secretary of Defense for Military Community and Family Policy, pledged a renewed commitment to finding ways for military spouses to thrive:

> "We are committed to taking care of our military families. The results of the latest survey allow us to prioritize solutions that meet their most pressing needs. I am truly grateful to the spouses who share their experiences and opinions through our surveys. Their voices serve as a guide as we continue the progress we have made on delivering on the DoD's priority to help military families thrive."[5]

4. Unfortunately, her words have gone largely unheeded within the DoD. One of the programs designed to improve employment opportunities for military spouses is the My Career Advancement Account program ("MyCAA"). MyCAA provides up to $4,000 in tuition assistance "to an eligible spouse who is pursuing education, training, or a license or credential to expand the spouse's employment and portable career opportunities." 10 U.S.C. § 1784a(a)(2). A "portable" career field is defined by the DoD and the Department of Labor ("DOL") as one that is high-growth and in high-demand.[6] For many years, the College has provided training to military spouses, and to other students, who are pursuing training to expand their employment and portable career opportunities.

5. MyCAA, however, has been historically under-utilized. A 2019 audit performed by U.S. Government Accountability Office showed that the number of military spouses receiving tuition assistance through MyCAA declined more than 40

---

[5] *See* https://www.defense.gov/News/Releases/Release/Article/3295629/dod-survey-delivers-data-on-well-being-of-military-spouses.

[6] *See* https://www.gao.gov/assets/gao-19-320r.pdf.

percent, from about 38,000 spouses in 2011 to about 21,000 in 2017.[7] Only seven percent of eligible spouses participated in the program in 2017.[8]

6. Part of the under-utilization of MyCAA is due to the DoD's refusal or failure to fund eligible programs. Even though Congress never authorized the DoD to deny funding for career training programs that satisfy its statutory criteria under 10 U.S.C. § 1784a (e.g., training in a portable career field), or to adopt non-statutory criteria to determine funding eligibility, MyCAA has recently begun to deny funding for eligible military spouses based on unknown and undisclosed criteria. And even assuming that it were authorized to adopt non-statutory criteria for approval of educational programs -- and it is not -- the DoD has never engaged in proper rulemaking, or published any regulations, to create and promulgate criteria to determine eligibility for MyCAA funding. Moreover, the DoD's responses to the College's requests pursuant to the Freedom of Information Act, 5 U.S.C. § 552, confirmed that there are no such published regulations or policies.

7. The DoD's unlawful and arbitrary actions have harmed many military spouses who have tried, unsuccessfully, to be funded by MyCAA through their enrollment in the College's programs. The DoD has refused, and continues to refuse, to provide tuition assistance to eligible military spouses who have applied to the College, or even to clearly explain the reasons for its denial.

## II. JURISDICTION AND VENUE

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and § 1361.

9. This Court has the authority to grant declaratory, injunctive, and mandamus relief, and to compel the DoD to take ministerial and non-discretionary steps unlawfully withheld or unreasonably delayed under the Declaratory Judgment Act (28 U.S.C. §§ 2201-2202), the Mandamus Act (28 U.S.C. § 1361), the

---

[7] *Id.*

[8] *Id.*

Administrative Procedure Act ("APA") (5 U.S.C. §§ 500, *et seq*.), and this Court's inherent equitable powers (see 5 U.S.C. §§ 702-706).

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e)(1)(B-C) and 5 U.S.C. § 703.

### III. PARTIES

11. Plaintiff ANIMAL BEHAVIOR COLLEGE, INC. is a vocational school located and doing business at 27509 Avenue Hopkins in Valencia, California. The College and its educational programs are approved by the Bureau for Private Postsecondary Education within the California Department of Consumer Affairs.

12. Defendant U.S. DEPARTMENT OF DEFENSE is a federal agency headquartered in Washington, D.C., and operates MyCAA.

13. Defendant LLOYD J. AUSTIN III is the Secretary of the DoD. In this capacity, he oversees each of the component offices within the DoD, including the Office of the Under Secretary of Defense for Personnel & Readiness, and has ultimate authority over all DoD policies, procedures, and practices, including MyCAA.

14. Defendant PATRICIA MONTES BROWN is the DoD's Deputy Assistant Secretary of Defense for Military Community and Family Policy. The Military Community and Family Policy office within the DoD is responsible for operating MyCAA. In this capacity, she is directly responsible for all of the DoD's programs and policies that establish and support community quality of life programs for service members and their families, including MyCAA.

15. Defendant ERICA R. SLATON is the DoD's Director of Military Community Support Programs which includes MyCAA.

### IV. FACTUAL ALLEGATIONS

16. In 2007, the DoD created MyCAA to improve employment opportunities for military spouses. Military spouses who are married to active duty

service members in pay grades E-1 to E-6, W-1 to W-2, and O-1 to O-3, and who have successfully completed high school, are eligible for MyCAA funding.  10 U.S.C. § 1784a(b)(1).  MyCAA provides up to $4,000 in "tuition assistance to an eligible spouse who is pursuing education, training, or a license or credential to expand the spouse's employment and portable career opportunities."  10 U.S.C. § 1784a(a)(2).

17. The College offers career training in professions related to animal care and animal service, including its Dog Trainer, Veterinary Assistant, and Pet Groomer Programs (collectively, the "ABC Programs").  According to the DOL's Occupational Outlook Handbook, the job outlook for animal care and service workers "is projected to grow 16 percent from 2022 to 2032, much faster than the average for all occupations" and "[a]bout 79,900 openings for animal care and service workers are projected each year, on average, over the decade."[9]  This strong outlook means the skills and training provided by the Programs are "portable" under 10 U.S.C. § 1784a(a)(2).

18. Indeed, the ABC Programs have, until recently, received MyCAA funding.  Since 2009, over 7,000 military spouses have funded their enrollment in the ABC Programs using MyCAA, and have obtained training towards their portable career opportunities in animal care and service.  Many of the College's graduates are now enjoying successful careers and helping to support their military families.

19. However, in 2023, the DoD, without clear explanation, and without any statutory or regulatory support, suddenly and erroneously has apparently categorized the ABC Programs as "continuing education," and has abruptly denied MyCAA tuition assistance to eligible military spouses to enroll in the ABC Programs.  And many spouses have since tried, unsuccessfully, to be funded by MyCAA for their

---

[9] *See* https://www.bls.gov/ooh/personal-care-and-service/animal-care-and-service-workers.htm#tab-6.

enrollment in the ABC Programs. The DoD's denials have adversely affected many military spouses. With each passing week, an increasing number of spouses and their families are harmed by their inability to enroll in the ABC Programs through MyCAA.

## V. CLAIMS FOR RELIEF

### Count I - Violation of Administrative Procedure Act ("APA")
### Agency Action Contrary to Law

20. Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

21. A court must "hold unlawful and set aside agency action … found to be … arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

22. Defendants' denial of MyCAA tuition reimbursement to eligible military spouses for enrollment in the ABC Programs is contrary to law.

23. This Court should issue an order compelling the DoD to comply with the APA and 10 U.S.C. § 1784a by providing MyCAA tuition assistance to eligible military spouses who enroll in the ABC Programs.

### Count II - Violation of Administrative Procedure Act
### Agency Action Unlawfully Withheld or Unreasonably Delayed

24. Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

25. A court "shall … compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(2)(A).

26. Defendants have "unlawfully withheld or unreasonably delayed" MyCAA tuition reimbursement to eligible military spouses who enroll in the ABC Programs.

///

///

27. This Court should issue an order compelling the DoD to comply with the APA and 10 U.S.C. § 1784a by providing MyCAA tuition assistance to eligible military spouses who enroll in the ABC Programs.

### Count III - Mandamus

### Defendants Are Subject to Mandamus

28. Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

29. The Court has authority over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.

30. Defendants are clearly obligated to comply with federal law, including the APA and 10 U.S.C. § 1784a. As set forth above, Defendants are clearly not in compliance with the law because they have refused to provide MyCAA tuition assistance to eligible military spouses who enroll in the ABC Programs.

31. Mandamus is appropriate to the extent that Plaintiff has no adequate alternative remedy against Defendants.

### Count IV - Declaratory Relief

32. Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

33. An actual controversy has arisen and now exists between Plaintiff, on the one hand, and Defendants, on the other. Plaintiff contends that the DoD is required to provide MyCAA tuition reimbursement to eligible military spouses who enroll in the ABC Programs. On information and belief, Defendants contend that the DoD's refusal to provide MyCAA tuition assistance is lawful.

34. Plaintiff therefore requests and is entitled to a judicial determination as to the rights and obligations of the parties with respect to this controversy, and such a judicial determination of these rights and obligations is necessary and appropriate at this time.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

a. A declaration, order, and judgment holding that Defendants violated the APA and 10 U.S.C. § 1784a by refusing to provide MyCAA tuition reimbursement to eligible military spouses who enroll in the ABC Programs;

b. An injunction requiring Defendants to provide MyCAA tuition assistance to military spouses who enroll in the ABC Programs;

c. An award of reasonable attorneys' fees, costs, and other expenses pursuant to any applicable statute or authority; and

d. Any and all such other relief as the Court deems just and equitable.

Dated:  March 12, 2024        BURKE, WILLIAMS & SORENSEN, LLP

By: _____
Jack P. Lipton, Ph.D., Esq.
Albert Tong, Esq.
Kate Im, Esq.
Attorneys for Plaintiff
ANIMAL BEHAVIOR COLLEGE, INC.